[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12762
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-02257-AAS

KERI LYNN CURTISS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2021)

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Keri Curtiss, a *pro se* claimant, appeals the district court's order affirming the Social Security Commissioner's denial of her application for supplemental security income. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation omitted). However, "even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Thus, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Curtiss does not make any argument as to how the Commissioner's determination that she was not disabled during the relevant period was erroneous. Similarly, she does not cite any legal authority in her brief. Accordingly, she has abandoned any challenge to the Commissioner's determination, and we affirm. *Id.*; *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

**AFFIRMED.**

2